[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This highly contested dissolution of marriage action in which custody and the relocation of the defendant with the children was vigorously disputed went to judgment on May 7, 1998 at which time the parties entered into a separation agreement which was submitted to and approved by the court. The agreement provided for joint custody of the two minor children, boys, then aged approximately 6 and 4, with principal residence with their mother. The agreement contemplated that the mother would be living in Minnesota with the children and provided for an elaborate access schedule to the father and for sharing of information. Since the dissolution a number of post judgment motions have been filed by both the mother and the father. Pending before the court is the plaintiff father's motion to open and modify the judgment (#155) which deals, inter alia, with visitation issues and the mother's motion to dismiss/motion to transfer claiming: that the mother has resided in Minnesota with the children, that Minnesota has become the home state of the children and that significant information regarding expenses of visitation, the children's teachers and schooling, etc., is in the State of Minnesota. Apparently the mother has brought a petition in Minnesota to modify the visitation schedule entered by this court.
In accordance with the provisions of the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), the undersigned communicated with Court Referee Brian P. Moehn who is presently dealing with the family in the Fourth Judicial District Court, County of Hennepin, Minnesota, file number MF260089.
There is no dispute that the father, Joseph Campagna, Jr., continues to reside in the State of Connecticut. Pursuant to the UCCJEA, which appears in Connecticut at Chapter 815p, and specifically Connecticut General Statutes § 46b-1151[1], because the plaintiff father continues to reside here, continuing exclusive jurisdiction, exists in the Connecticut court.
While this court could decline to exercise that jurisdiction, because the issue implicates visitation awarded to the father in Connecticut and he still resides here, the court will not decline to exercise its continuing exclusive jurisdiction and accordingly the motion to dismiss/transfer is denied. CT Page 3132-du
McLachlan, J.